**CV 1 - 2822**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BLOCK J

-------------------------------------------------------------------- x

JACQUELINE DIAZ

                            Plaintiff,

        -against-

NASSAU COUNTY, POLICE OFFICER MICHAEL
BARBUCK SHIELD # 122 AND JOHN DOE #1,
                              Defendants.

**COMPLAINT AND
JURY DEMAND**

ECF CASE

-------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.    The claims arise from a November 27, 2008 incident in which Officers of the Nassau County Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, malicious prosecution.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.    Venue is laid within the United States District Court for the Eastern District of New

York in that Defendant Nassau County is located within, and the events occurred within, the boundaries of the Eastern District of New York.

## PARTIES

7.    Plaintiff is a citizen of the United States and at all times here relevant resided in Queens County, City and State of New York.

8.    Nassau County is a municipal corporation organized under the laws of the State of New York and is vicariously liable for the state law torts committed by their employees and agents acting within the scope of their employment.

9.    Defendant Michael Barbuck at all times relevant was a Nassau County Police Officer, and is sued in his individual capacity.

10.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the County of Nassau and State of New York.

## NOTICE OF CLAIM

11.   Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the Nassau County Attorney's Office.  Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12.   Plaintiff is a 35 year old woman with no prior arrests.  On November 27, 2008 at approximately 4:40AM, plaintiff was a passenger in a car traveling on Bellmore Rd in East Meadow.  Plaintiff was asleep in the back seat when the car was pulled over by defendant officer Barbuck.  The driver of the vehicle was placed under arrest by the defendant.

13.   Office Barbuck then demanded that plaintiff submit to a Breathlyzer test.  Plaintiff

2

complained that she was not driving and therefore should not have to take the test. The officer insisted and plaintiff was given the test. Officer Barbuck then placed plaintiff under arrest without probable cause.

14. Plaintiff was charged with Driving Under the Influence by a simplified traffic information and a supporting affidavit sworn to by Officer Barbuck. Within the charging instrument and supporting deposition, Officer Barbuck knowingly and maliciously lied about seeing plaintiff operating a motor vehicle.

15. Plaintiff was processed and arraigned approximately thirty hours after her arrest. Bail was set and the matter adjourned. Officer Barbuck falsely and maliciously informed the prosecuting attorney that plaintiff had made statements that she had been driving.

16. Plaintiff made more than thirty court appearances over three and a half years. All charges were dismissed and sealed on February 29, 2012.

17. During all of the events above described, defendant acted maliciously and with intent to injure plaintiff.

## DAMAGES

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.    Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b.    Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c.    Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

25.   The County has been alerted to the regular use of excessive force, false arrests and malicious prosecution by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force, false arrests and malicious prosecution; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

26.   The aforesaid event was not an isolated incident. The County has been aware for some time, from lawsuits, notices of claim, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the County has allowed policies and practices that allow the aforementioned to persist.

27.   Further, the County has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally the County has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

28.   The County is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the County has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

d.     Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f.     Loss of liberty;

g.     Physical pain and suffering;

h.     Economic loss.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)

19.   The above paragraphs are here incorporated by reference.

20.   Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

21.   Defendants maliciously initiated a criminal action against plaintiff without probable cause. That criminal action has terminated in plaintiff's favor.

22.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

23.   The above paragraphs are here incorporated by reference.

24.   Nassau County is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to

D.      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:      Brooklyn, New York
            May 7, 2013

TO:    Nassau County                       Very truly yours,
       One West Street
       Mineola, NY  11501
                                           Stoll, Glickman & Bellina, LLP
       Officer Michael Barbuck-Retired     By: Nicole Bellina
                                           Attorney for Plaintiff
                                           475 Atlantic Ave. Fl.3
                                           Brooklyn, NY  11217
                                           (718) 852-3710 x103

7

29.   Plaintiff has been damaged as a result of the deliberate indifference of the County to the constitutional rights of their inhabitants.

## THIRD CAUSE OF ACTION
(MALICIOUS PROSECUTION)

30.   The preceding paragraphs are here incorporated by reference.

31.   Defendants initiated a criminal proceeding against plaintiff.

32.   The proceeding was terminated in plaintiff's favor.

33.   There was no probable cause for the initiation or continuation of the proceeding.

34.   Defendants acted with malice.

## FOURTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

35.   The preceding paragraphs are here incorporated by reference.

36.   Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant Nassau County and in furtherance of the defendant Nassau County's interest.

37. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant Nassau County, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.   Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.   Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and