```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

JACQUENLINE DIAZ,

                    Plaintiff,
                                              ORDER GOVERNING
           - against -                        DISCOVERY

NASSAU COUNTY, ET AL,                         CV 2013-2822 (FB)(MDG)

                    Defendant.
- - - - - - - - - - - - - - - - - - - X
```

    This order sets forth certain rules governing discovery in cases supervised by me.

    1.  <u>Duty to Preserve</u>.  As may have been, or will be, discussed at the initial conference held in this matter, every party has a duty to preserve electronically stored information ("ESI") that may be relevant or discoverable under Fed. R. Civ. P. 26 and is within the party's possession, custody or control.  ESI includes, but is not limited to, information posted on social internet networks, e-mails, cell phones and computer networks within the control of a party.  Counsel must promptly direct their respective clients to preserve all such ESI and insure that all agents and employees of a party with relevant information are instructed as to the duty of preservation.  Preservation measures should include preservation of information stored on computers and devices used for storage of ESI, including computers, smart phones, blackberries, PDAs and on-line internet storage; suspension of any routine document or

electronic storage destruction policies; and periodic monitoring of preservation efforts.

2. <u>Objections to Discovery Requests</u>. If a party objects to an interrogatory or document request but, notwithstanding an objection, provides a substantive response, that party must state whether all responsive documents or information are being provided. If the objecting party does not provide a full response, that party must identify the categories of information or documents not provided in the response.

3. <u>Production of Documents</u>. The parties are reminded of their responsibilities regarding the production of documents under Fed. R. Civ. P. 34(b)(2)(E). Should a party withhold documents on grounds of privilege, such party must provide a privilege log which sets forth the information required by Local Civil Rule 26.2(a)(2)(A). In addition, the log must identify the document request(s) or interrogatory to which a withheld document is responsive, in accordance with Fed. R. Civ. P. 34(b)(2)(E)(I) or 33(d)(2).

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 2, 2013

/s/
_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
(718) 613-2550